IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY C. HAMRICK, #01192-087,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00967-NJR |
| ) | |
| **MAUREEN P. BAIRD,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Rodney Hamrick filed this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Specifically, he is suing to challenge the denial of congregate prayer at the United States Penitentiary in Marion, Illinois ("Marion"), which he alleges is required by the tenets of his religion. (Doc. 1). He sues Maureen P. Baird, warden of Marion, for declaratory and injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon review of the allegations, the Court finds that the complaint survives preliminary review under § 1915A.

## The Complaint

Plaintiff Rodney Hamrick is a prisoner who, at the time of filing the complaint, was incarcerated in the Communications Management Unit ("CMU") at Marion. (Doc. 1, p. 4). He is currently incarcerated in the Federal Correctional Complex ("FCC") in Terre Haute, Indiana.[1] (Doc. 9, p. 1). According to the complaint, Hamrick is an adherent of the Hanbali School of Islam, in which the completion of five daily prayers in congregation is a firmly rooted religious exercise. (Doc. 1, p. 4). Hamrick further alleges that he believes congregation for all five daily prayers is a mandatory part of his religion. *Id.* According to the complaint, congregate prayer and Hamrick's ability to engage in daily group prayer with his fellow Muslim inmates is absolutely prohibited at Marion by Defendant's current policy, which has resulted in numerous Muslim inmates being written up and punished for praying in groups, while other non-Muslims are allowed to engage in various group activities. *Id.* Hamrick alleges that the continuous risk of discipline for engaging in daily congregate prayer has had a chilling effect on his ability to follow the tenets of his faith. *Id.*

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

---

[1] In his Motion for Class Certification (Doc. 13), Hamrick alleges that he can show a realistic possibility that he would again be incarcerated at Marion under the same conditions described in the complaint because he is considered on "step down from CMU" for at least six months. In this same motion, Hamrick alleges that the claims he is asserting may be capable of repetition yet evasive of review. While one or both of these allegations, viewed in light of the circumstances specific to this action, render Hamrick's complaint sufficient so as to pass through threshold review despite his transfer from Marion, further development of the facts may result in Hamrick's claims being deemed mooted by this transfer.

Count 1:  Defendant denied Plaintiff access to congregate prayer with fellow Muslims in violation of the Free Exercise Clause of the First Amendment and the Religious Freedom Restoration Act ("RFRA") (42 U.S.C. § 2000bb-1(a));

Count 2:  Defendant denied Plaintiff equal protection of the law guaranteed under the Fifth Amendment Due Process Clause when she imposed a policy resulting in treatment of Muslims participating in group religious activities to be different from non-Muslims.

## Discussion

*Count 1–Free Exercise and RFRA*

The First Amendment's Free Exercise Clause prohibits prison officials from imposing a substantial burden on the free exercise of religion, unless the burden is reasonably related to a legitimate penological interest. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). RFRA offers broader protections than the First Amendment and provides a claim or defense to persons whose religious exercise is substantially burdened by the government, including prison officials. 42 U.S.C. § 2000bb(b)(2). RFRA specifically restores "the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963) and *Wisconsin v. Yoder*, 406 U.S. 205 (1972)" and guarantees "its application in all cases where free exercise of religion is substantially burdened." 42 U.S.C. § 2000bb(b)(1).

Allegations in the complaint suggest that Plaintiff and other Muslim inmates were denied the ability to exercise their faith by participating in congregate prayer due to a policy implemented by Defendant without a compelling reason and without consideration of less restrictive alternatives. (Doc. 1, p. 4). This gives rise to a colorable First Amendment and RFRA claim against Defendant.

*Count 2–Equal Protection*

The Supreme Court has held that the implied guarantee of the Fifth Amendment's equal protection requirement prohibits government actors from applying different standards to similarly situated individuals. *See, e.g.*, *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). *See also United States v. Brucker,* 646 F.3d 1012, 1016–17 (7th Cir. 2011) (the Fifth Amendment "contains an equal protection component," and for "claims based on either the Fifth or Fourteenth Amendment, 'equal protection of the laws means that all persons similarly situated should be treated alike.'"). Additionally, the Supreme Court has held that equal protection rights extend to prisoners. *Cruz v. Beto*, 405 U.S. 319, 321 (1972).

To succeed in a Fifth Amendment equal protection claim, a prisoner must show that he is treated differently than similarly-situated inmates based upon either a suspect classification or a fundamental right. Religion is a suspect classification. Plaintiff must then show that the decision at issue was motivated by intentional or purposeful discrimination. Prison officials may restrict the religious practices of inmates only if a deprivation is necessary to further legitimate penological interests. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009).

Allegations in the complaint suggest that Plaintiff's and other Muslim inmates' requests for or attempts at congregate prayer were treated differently pursuant to a policy of Defendant's because of their religion, and this gives rise to a colorable equal protection claim against Defendant.

### **Pending Motions**

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for resolution.

Plaintiff filed a Motion for Service of Process at Government Expense (Doc. 4), which is **DENIED** as moot because Plaintiff has been given leave to proceed *in forma pauperis*. Service shall be ordered below.

Plaintiff filed a Motion for Order to Protect (Doc. 6), which is **DENIED** without prejudice as moot because the act from which Plaintiff sought protection, his transfer away from Marion, has already occurred.

Finally, Plaintiff filed a Motion for Class Certification (Doc. 13), which shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for resolution.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, **COUNTS 1 and 2** shall proceed against Defendant **BAIRD**.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **BAIRD**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **BAIRD** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the

---

[2] Rule 4(e) provides, "an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including resolution of the Motion for Recruitment of Counsel (Doc. 3) and the Motion for Class Certification (Doc. 13). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  November 29, 2016**

                                                       _____
                                                       **NANCY J. ROSENSTENGEL**
                                                       **United States District Judge**