UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY C. HAMRICK,

    Plaintiff,

v.

MAUREEN P. BAIRD, *in her individual capacity*, and WILLIAM TRUE III, *in his official capacity*,

    Defendants.

Case No. 3:16-cv-00967-JPG-DGW

# MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on the Report and Recommendation ("Report") of Magistrate Judge Donald G. Wilkerson. (Doc. 50.) The Report recommends that the Court grant in part and deny in part defendant William True III's motion to dismiss the claims against him for mootness pursuant to Rule 12(b)(1). (Doc. 30.) The Government, filing on behalf of defendant True, has entered a timely objection to the report. (Doc. 55.)

## I. BACKGROUND

Rodney Hamrick is serving a life sentence for using a destructive device in an attempted crime of violence. Hamrick—a Muslim—claims that while he was incarcerated in the Communications Management Unit (CMU) at the United States Penitentiary in Marion, Illinois (USP Marion), the CMU policies restricted him from engaging in the daily group prayers required by his religion. The Court has distilled Hamrick's complaint into three claims: (1) a *Bivens* claim for a violation of the First Amendment's free exercise clause (Count I); (2) a claim under the Religious Freedom and Restoration Act (RFRA) (Count I); and (3) a *Bivens* claim for a violation of the Fifth Amendment's due process clause (Count II). Hamrick initially sought only

declaratory and injunctive relief, but the Court allowed Hamrick to amend his complaint to add an additional prayer for nominal and punitive damages. The complaint seeks relief from Maureen Baird—former warden of USP Marion—in her individual capacity, and from William True III—current warden of USP Marion—in his official capacity. Baird was the warden of USP Marion at the time of the alleged conduct and originally the sole defendant in this action, but the Court allowed Hamrick to amend his complaint to add True as a defendant when he replaced Baird as warden.

On September 12, 2016—two weeks after Hamrick filed this action—the Bureau of Prisons transferred him to the United States Penitentiary in Terre Haute, Indiana (FCI Terre Haute). On January 13, 2017, FCI Terre Haute moved Hamrick into the CMU at that location. Hamrick remains in the CMU. Now that Hamrick is no longer at USP Marion, the Government has moved to dismiss Hamrick's claims against True—the official capacity defendant—as moot.

In August, Magistrate Judge Wilkerson issued a report and recommendation (Report) on the Government's motion. First, the Report recommends that this Court should find as moot and dismiss without prejudice Hamrick's RFRA and *Bivens* claims. Second, the Report recommends that the Court should dismiss True—the official capacity defendant—without prejudice. Third, the Report recommends that—in a case of first impression in this Circuit—RFRA permits suits for damages against defendants in their individual capacity, and thus this Court should not dismiss the claim for damages against Baird. The Government does not object to the portions of the Report relating to injunctive relief and the dismissal of True, but the Government does object as to whether RFRA would permit a suit for damages against Baird in her individual capacity. The Government argues that True's motion did not present or brief that issue to the Court, making it premature for the Court to rule on it at this time.

## II. LEGAL STANDARDS

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## III. ANALYSIS

The Court has reviewed the entire file and finds no clear error in the unobjected portions of the Report. Hamrick's claims for injunctive relief against True are moot because Hamrick is no longer incarcerated at USP Marion. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th. Cir. 2004) (holding that when a prisoner is transferred from a prison, his claims for injunctive relief against that prison are moot). Moreover, none of the exceptions to mootness apply. First, the wrongdoing is not "capable of repetition yet evading judicial review" because Hamrick has not shown that he is "likely to be retransferred" back to USP Marion. *Ciarpaglini v. Norwood*, 817 F.3d 541, 546 (7th Cir. 2016) (for the "capable of repetition yet evading judicial review" exception to apply, the party must show "there is a reasonable expectation that [they] will be subject to the same action again"); *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1995) (holding that a prisoner can defeat mootness if he demonstrates that he is likely to be retransferred back to the prison in question). The Court refuses to assume that Hamrick will act ill-behaved at FCI Terre Haute and thus be retransferred. Second, the "voluntary cessation" exception does not apply because there is no allegation that USP Marion has ceased the policy since Hamrick filed his lawsuit. *See*

*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (explaining the standards for the "voluntary cessation" doctrine). Third, Hamrick is incorrect that the Court cannot find his RFRA claim for injunctive relief moot while he also seeks declaratory relief and money damages under the statute: RFRA instructs that a court may reward "appropriate relief" against the defendant. 42 U.S.C. § 2000bb-1. "Appropriate relief" includes any combination of relief that this Court deems necessary and proper.

The Court declines, however, to adopt the Report insofar as it states that RFRA permits money suits against defendants in their individual capacity. This issue was not raised by the Government in their motion to dismiss and, since it is a matter of first impression in this Circuit, commands briefing by the parties. The Court will allow the claims against Baird in her individual capacity to remain at this time, but will revisit the matter if the Government files a motion specifically on this issue.

## CONCLUSION

For the foregoing reasons, the Court:

- **ADOPTS in part** and **REJECTS in part** the Report (Doc. 50);
- **SUSTAINS** the Government's objections (Doc. 55);
- **GRANTS** defendant William True III's Motion to Dismiss Claims Against Official Capacity Defendant Pursuant to Rule 12(b)(1) (Doc. 30);
- Finds as **MOOT and DISMISSES without prejudice** plaintiff's claims for injunctive relief under the Religious Freedom Restoration Act and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); and
- **DISMISSES without prejudice** defendant William True III.

**IT IS SO ORDERED.**

**DATED:  October 11, 2017**

                                                                     **s/ J. *Phil Gilbert***
                                                                      **J. PHIL GILBERT**
                                                                       **DISTRICT JUDGE**